(92 Misc. Rep. 148)

## PURCELL v. LYNCH.

(Supreme Court, Appellate Term, First Department. October 11, 1915.)

1. COURTS ⬉189—CITY COURT—DEFAULT—NOTICE OF APPEARANCE.

Where, in an action in the City Court, defendant's counsel served a notice of appearance, entitled in the Supreme Court, and it was returned with a notation that no action was pending in that tribunal, defendant, no further appearance having been filed, was fully in default, and plaintiff was entitled to enter judgment at any time without notice.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⬉189.]

2. COURTS ⬉189—DEFAULT—VACATION.

Where, on defendant's complete default, judgment was entered, the default will be set aside only upon terms and a showing excusing the default.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⬉189.]

3. COURTS ⬉189—DEFAULT—VACATION.

As Code Civ. Proc. § 572, only limits the time within which judgment may be entered in case an order of arrest has been granted, five years' delay in entering default is no ground for vacation; it not appearing that defendant was prejudiced.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⬉189.]

Appeal from City Court of New York, Special Term.

Action by Kate Purcell against Thomas F. Lynch. From an order of the City Court, vacating a judgment and permitting defendant to serve answer after default, plaintiff appeals. Order reversed, and motion denied.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

John T. Mulhall, of New York City, for appellant.

Abraham Harris, of New York City, for respondent.

PAGE, J. It appears from the judgment roll that this action was commenced by the service of a summons on January 18, 1909. Twenty-one days thereafter, or on February 8, 1909, Joseph D. Kelly, Esq., served upon plaintiff's attorney a notice of appearance entitled in the Supreme Court, instead of in the City Court, which was returned by plaintiff's attorney with a notation to the effect that no action between the plaintiff and the defendant was pending in the New York Supreme Court. No further pleading or notice of appearance was served by the defendant, and about five years later the plaintiff entered judgment without notice to the defendant as in case of default in appearance.

[1, 2] The defendant moved upon the judgment roll to vacate the judgment, on the ground that it was entered without notice, and from the order granting this motion and setting the case down for trial this appeal is taken. It does not appear from the record that a proper notice of appearance was ever served on behalf of the defendant. He was therefore fully in default, and the plaintiff was entitled to

enter judgment at any time without notice. The judgment is therefore perfectly regular, and should not have been vacated upon that ground. The learned justice at Special Term apparently regarded the motion as one to open a default, but the papers were entirely insufficient to support such a motion; no excuse for the default having been presented, no merits having been shown, and the motion having been made solely upon the judgment roll and filed papers. The defendant's proper remedy was a motion to open his default, which could be granted only upon terms.

[3] It is said that the plaintiff's delay of five years in entering judgment should weigh against her as evidence of bad faith. It is difficult, however, to see how the delay has prejudiced the defendant. The only case in which the time within which a judgment may· be entered is limited by the Code of Civil Procedure is where an order of arrest has been granted. C. C. P. § 572.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, without prejudice to a motion by the defendant to open his default. All concur.